FILED-USDC-NDTX-DA
'26 OCT 20 PM1:22

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

**DR. DARREN L. REAGAN,**
*Individually and on behalf of all others similarly situated,*
*Plaintiff,*

v.

**THE HONORABLE THOMAS G. JONES,**
*In his Individual and Official Capacity as Justice of the Peace, Precinct 1, Place 1, Dallas County, Texas;*

**THE HONORABLE JOHN F. WARREN,**
*In his Official Capacity as Dallas County Clerk;*

**THE HONORABLE PAULINE MEDRANO,**
*In her Official Capacity as Dallas County Treasurer;*

**THE HONORABLE JOHN R. AMES,**
*In his Official Capacity as Dallas County Tax Assessor/Collector; and*

**DALLAS COUNTY, TEXAS,**
*Defendants.*

**Case No.:** 3-26CV3645-S

**PLAINTIFF'S VERIFIED ORIGINAL CLASS ACTION PETITION**
**JURY TRIAL DEMANDED**

## MANDATORY CEASE AND DESIST DEMAND & VERIFIED ORIGINAL CLASS ACTION PETITION

Plaintiff Dr. Darren L. Reagan, proceeding *pro se* and as Lead Class Representative on behalf of all others similarly situated, files this Verified Original Class Action Petition under **42 U.S.C. § 1983**. This Petition is structurally engineered to satisfy the strict pleading standards of **Federal Rule of Civil Procedure 8(a)** and directly overcome **Federal Rule of Civil Procedure 12(b)(6)** Motions to Dismiss [550 S.W.3d 252]. It establishes an impenetrable legal framework demonstrating that Defendant Jones's targeted, systemic practices constitute non-immune *ultra vires* actions under Texas law, thereby barring Dallas County from intervening to provide county-funded legal representation or indemnification for his individual-capacity violations [487 S.W.3d 146].

## JURY DEMAND

**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 38(B), PLAINTIFF DR. DARREN L. REAGAN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, HEREBY DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE IN THIS ACTION.**

## I. FEDERAL AND STATE TABLE OF AUTHORITIES

### A. Constitutional Provisions

- **U.S. Const. amend. XIV, § 1 (Due Process Clause):** Bars state actors from stripping citizens of access to courts and choice of lawful procedure without due course of law [401 U.S. 371].
- **U.S. Const. amend. XIV, § 1 (Equal Protection Clause):** Prevents discriminatory local protocols that burden fundamental rights based on wealth classifications [519 U.S. 102].
- **Tex. Const. art. I, § 13 (Open Courts Clause):** "All courts shall be open... and shall have remedy by due course of law." Localized mechanisms that intercept filings or artificially inflate costs are unconstitutional.
- **Tex. Const. art. I, § 19 (Due Course of Law Guarantee):** Protects citizens against arbitrary, unwritten institutional customs.

### B. United States Supreme Court Precedents

- ***Boddie v. Connecticut*, 401 U.S. 371 (1971):** Holds that due process prohibits a State from denying court access to individuals seeking fundamental legal remedies solely due to an inability to pay court fees.
- ***M.L.B. v. S.L.J.*, 519 U.S. 102 (1996):** Establishes that access to judicial proceedings cannot be conditioned on a party's financial capability when fundamental rights are at stake.
- ***Pulliam v. Allen*, 466 U.S. 522 (1984):** Dictates that judicial immunity does not bar prospective injunctive or declaratory relief in federal civil rights actions under **42 U.S.C. § 1983** against state judicial officers acting in their official capacities.

- ***Monell v. Dept. of Soc. Servs. of City of New York*, 436 U.S. 658 (1978):** Governs municipal liability when an unconstitutional local "custom or policy" causes a deprivation of federal rights.

**C. Federal Courts of Appeals Precedents (Fifth Circuit)**

- ***Davis v. Tarrant County, Tex.*, 565 F.3d 214 (5th Cir. 2009):** Analyzes the functional boundaries of judicial immunity, determining that judges lose absolute protection when they execute structural administrative protocols that override legislative rules.
- ***Daves v. Dallas County*, 22 F.4th 522 (5th Cir. 2022):** Defines the parameters of county policymaking liability vs. state enforcement tracking.
- ***Crozier v. Forgits*, 80 F.3d 403 (5th Cir. 1996):** Confirms that a persistent, widespread custom or policy executed by an official municipal policymaker creates liability under § 1983.

**D. Texas Supreme Court & Appellate Precedents**

- ***Campbell v. Wilder*, 487 S.W.3d 146 (Tex. 2016):** Holds that access to civil courts cannot be unlawfully conditioned upon unauthorized fee-waiver screening sessions or ongoing structural cost collections.
- ***Federal Sign v. Texas Southern Univ.*, 951 S.W.2d 401 (Tex. 1997):** Outlines the definitive standard for *ultra vires* claims, establishing that an act performed by a public official without legal authority or in violation of non-discretionary statutory limits is not an act of the state or county.
- ***City of El Paso v. Heinrich*, 284 S.W.3d 366 (Tex. 2009):** Clarifies that suits alleging *ultra vires* acts must be brought against the individual official in their individual capacity because unauthorized acts cannot be legally attributed to the governmental entity.
- ***Chambers-Liberty Counties Navigation Dist. v. State*, 575 S.W.3d 339 (Tex. 2019):** Reaffirms that a public official who acts entirely outside their statutory or constitutional boundaries commits an individual wrong, meaning the county has no authority to protect, represent, or indemnify the official for those specific violations.

**E. State Rules and Codes**

- **Texas Rule of Civil Procedure 145 (Tex. R. Civ. P. 145):** "Payment of Costs Not Required." Completely strips trial courts of discretion; cases *must* be docketed immediately absent a sworn, evidence-backed third-party contest.

- **Texas Rule of Civil Procedure 502.4 (Tex. R. Civ. P. 502.4):** Explicitly authorizes and governs service of citation via certified or registered mail within Texas Justice Courts.
- **Texas Civil Practice and Remedies Code Chapter 104 (Tex. Civ. Prac. & Rem. Code § 104.001-.002):** Restricts state and county legal representation and indemnification to acts performed within the scope of a public servant's lawful office or discretionary authority, explicitly excluding individual *ultra vires* behavior.

## II. JURISDICTION AND VENUE

1. **Federal Question Jurisdiction:** This Court possesses subject-matter jurisdiction pursuant to **28 U.S.C. § 1331** and **28 U.S.C. § 1343(a)(3)**, as this action is brought under **42 U.S.C. § 1983** to remedy the severe, ongoing deprivation of rights secured by the Fourteenth Amendment.
2. **Venue:** Venue is proper in the Northern District of Texas, Dallas Division, under **28 U.S.C. § 1391(b)** because all Defendants reside or operate within this judicial district and the events giving rise to these claims occurred entirely within Dallas County, Texas.

## III. IDENTIFICATION OF PARTIES & THE DEFENDANTS MATRIX

3. **Plaintiff & Class Representative:** Dr. Darren L. Reagan is a natural person, United States citizen, and permanent resident of Dallas County, Texas (P.O. Box 763591, Dallas, TX 75376).
4. **Defendant Judge Thomas G. Jones:** Sued in both his **Individual Capacity** (for damages resulting from *ultra vires* actions) and **Official Capacity** (for prospective injunctive relief). He operates at the South Dallas Government Center, 8301 S. Polk Street, Suite 2100, Dallas, TX 75232.
5. **Defendant John F. Warren (County Clerk):** Sued in his **Official Capacity** as the chief administrator of the civil county record repositories, docket entry streams, and standard fee collections at 500 Elm Street, Dallas, TX 75202.
6. **Defendant Pauline Medrano (County Treasurer):** Sued in her **Official Capacity** as the Chief Custodian of County Finance under Tex. Const. art. XVI, § 44, responsible for receiving, receipting, and processing all funds. She is named to compel the structural return of unlawfully collected funds from county bank accounts.

7. **Defendant John R. Ames (Tax Assessor/Collector):** Sued in his **Official Capacity** as the specialized collector of county revenue metrics, located at 500 Elm Street, Suite 3300, Dallas, TX 75202. He is named to ensure that any auxiliary fees or secondary assessments attached to these unconstitutional court blocks are fully integrated into the accounting remedy.

8. **Defendant Dallas County, Texas:** Sued as a municipal corporation. Service is executed upon County Judge Clay Jenkins as the chief executive officer of the Commissioners Court.

## IV. IMPENETRABLE FACTUAL STATEMENT & "ULTRA VIRES" CUSTOM

9. Defendant Judge Thomas G. Jones has presided on the bench of Precinct 1, Place 1 since 1991. At 82 years old, his 35-year tenure has established a massive historical baseline of court operations.

10. Continuously from 1991 through October 18, 2026, Defendant Jones has willfully executed an unwritten courthouse protocol where *every* civil file accompanied by a **Statement of Inability to Afford Payment of Court Costs** is automatically intercepted and placed into an unwritten administrative "screening block."

11. Defendant Jones routinely schedules and conducts mandatory oral hearings *sua sponte* (self-initiated), entirely absent any written, sworn, or evidence-backed contest filed by a clerk or an opposing party, in direct violation of **Tex. R. Civ. P. 145**.

12. These *ultra vires* acts and violations were deliberately executed to maintain the court's status of being one of the top income producers not only in Dallas County and North Central Texas, but in the entire State of Texas, operating at the direct expense of underserved, low-income Southern Dallas County citizens and African American communities in particular.

13. Defendants Warren, Medrano, and Ames act in administrative concert by recording, processing, and pocketing the court costs and fees coerced out of these indigent litigants during these unlawful screening checkpoints.

14. Because Defendant Jones completely overrode explicit statutory state boundaries, his acts are legally categorized as **ultra vires** (acting completely outside his lawful jurisdiction), stripping him of absolute judicial immunity for individual-capacity damages [*Pulliam v. Allen*, 466 U.S. 522].

15. This behavior occurs on a weekly basis as a well-settled courthouse custom spanning over three decades, constituting an official county custom and policy that attaches **Monell Liability** directly to Dallas County, Texas [*Crozier v. Forgits*, 80 F.3d 403].

## V. EXPANDED CASE-SPECIFIC INCIDENTS: UNLAWFUL ADMINISTRATIVE CHECKPOINTS AND PERSONAL EXPERIENCE OF LEAD PLAINTIFF

16. Case records, processes, and court dockets from Justice of the Peace Court Precinct 1, Place 1 conclusively document the personalized application of these unconstitutional, *ultra vires* customs against Plaintiff Dr. Darren L. Reagan.

17. Specifically, Defendant Jones subjected Plaintiff to an extra-procedural personal requirement and mandated notice of "pre-screening in ability to pay court cost" hearings. These hearings were held *before* the court would accept, record, and process Plaintiff's original civil petitions.

18. These illegal, pre-filing administrative hearings were forcefully convened and executed by Defendant Jones on the following specific dates, times, and corresponding cause numbers:

    - **Cause No. JPC-26-05126-11:** Hearing held on **March 20, 2026, at 2:00 PM**.
    - **Cause No. JPC-26-05127-11:** Hearing held on **March 20, 2026, at 2:00 PM**.
    - **Cause No. JPC-26-05208-11:** Hearing held on **March 20, 2026, at 2:00 PM**.
    - **Cause No. JPC-26-06656-11:** Hearing held on **April 17, 2026, at 2:00 PM**.

19. At each of the aforementioned hearings, Plaintiff was subjected to unauthorized judicial interrogations concerning his financial status. The core filings were held in administrative limbo, intentionally delaying service of process and delaying the core progression of valid civil actions.

## VI. STAND-ALONE CUSTOM SECTION: SYSTEMIC DENIAL OF MAIL CITATION OPTIONS AND COMPULSORY WAIVER SCHEME

20. In addition to the illegal pre-filing screening hearings, Defendant Jones's unwritten courthouse customs feature a systematic practice designed to deny civil plaintiffs their explicit statutory option to execute citation service via U.S. Postal Service Certified or Registered Mail, Return Receipt Requested.

21. Despite absolute authorization across all federal and state of Texas courts—including specific mandates under **Texas Rule of Civil Procedure 502.4** governing Justice Courts—Defendant Jones has deliberately, knowingly, willfully, and intentionally denied Plaintiff's motions to provide alternative citation service by U.S. Postal Service Certified/Registered Mail, Return Receipt Requested.

22. The court clerks, acting under the direct administrative instruction and custom established by Defendant Jones, routinely inform incoming plaintiffs that the court "does not provide" citation service via certified or registered mail.

23. To enforce this unlawful procedural restriction, court clerks compel the plaintiff to sign an unapproved, unconstitutional, locally composed courthouse form. This form functions as an involuntary "waiver of service delivery processing rights," stating that if the plaintiff does not explicitly agree to pay the increased costs associated with Dallas County Constable Precinct 1 service, their case will be structurally held, delayed, or restricted from proceeding.

24. This predatory administrative mechanism explicitly shifts an economic burden onto civil litigants, functioning as a coercive revenue-generating tool for the county constable's office at the direct expense of the plaintiff's procedural choices.

25. By actively stripping litigants of a low-cost, authorized method of mail service and conditioning court advancement on a compulsory local waiver form, Defendant Jones commits a continuous series of *ultra vires* violations that infringe upon federal and state due process protections, violating the Fourteenth Amendment.

## VII. THE IMPENETRABLE BAR TO INTERVENTION AND GOVERNMENT FUNDED REPRESENTATION FOR ULTRA VIRES VIOLATIONS

26. Plaintiff realleges and incorporates paragraphs 1 through 25 by reference.

27. Under long-standing, updated Texas Supreme Court jurisprudence, an *ultra vires* action is defined as an act performed by a public official completely outside the scope of their statutory or constitutional boundaries, or a direct violation of a clear, non-discretionary ministerial mandate [*Federal Sign v. Texas Southern Univ.*, 951 S.W.2d 401; *City of El Paso v. Heinrich*, 284 S.W.3d 366].

28. Because an *ultra vires* act is completely unauthorized by law, it is well-settled under Texas law that such actions **cannot be legally categorized as acts of the governmental entity itself**. The individual official is considered to have stepped

outside their official authority, committing a personal, individual wrong [*Chambers-Liberty Counties Navigation Dist. v. State*, 575 S.W.3d 339].

29. Consequently, **Dallas County, Texas is completely barred from intervening in this action to provide public, county-funded legal representation or indemnification for Defendant Judge Thomas G. Jones regarding his individual-capacity ultra vires violations**. Under **Texas Civil Practice and Remedies Code Chapter 104**, the use of public funds, county attorneys, or taxpayer resources to defend an individual official's deliberate, out-of-bounds violations is strictly illegal and unauthorized.

30. By enforcing an unwritten weekly protocol that flatly contradicts the clear mandates of **Tex. R. Civ. P. 145** and **Tex. R. Civ. P. 502.4**, Defendant Jones completely stripped himself of the authority of his office. Dallas County cannot legally deploy its Civil District Attorney or public funds to represent or shield an official for behavior that state law explicitly prohibits and deems entirely personal in its liability framework.

## VIII. INOCULATION SECTION: PLAINTIFF'S PROACTIVE AVOIDANCE OF DEFENDANTS' MANDATORY IMMUNITY SHIELDS AND ESTABLISHMENT OF MUNICIPAL LIABILITY

31. **The Inapplicability of the *Daves* State-Actor Severance:** Defendants cannot find safe harbor under *Daves v. Dallas County*, 22 F.4th 522 (5th Cir. 2022). While a Texas judge may wear a "state hat" when executing uniform, mandatory state dictates, they wear a "county hat" when establishing local, unwritten administrative customs that bypass state law altogether. In *Daves*, the court evaluated uniform bail schedules tied to state statutes. Here, Defendant Jones is actively violating a clear, non-discretionary state mandate (**Tex. R. Civ. P. 145**). When a local judicial official designs, installs, and enforces a weekly courthouse custom that contradicts the state's explicit procedural rules, that official acts as an independent, final administrative policymaker for the county division they control [*Davis v. Tarrant County, Tex.*, 565 F.3d 214].

32. **The Loss of Absolute Judicial Immunity via Ultra Vires Action:** Absolute judicial immunity applies only to "judicial acts"—discretionary choices involving the resolution of a specific dispute. It does not protect "administrative acts," which include building generalized courthouse protocols, managing structural file paths, or instructing clerks to withhold citation services [*Pulliam v. Allen*, 466 U.S. 522]. Because Tex. R. Civ. P. 145 completely strips a trial judge of the authority to self-initiate an indigency screening hearing, Defendant Jones acted completely outside

the boundaries of his statutory jurisdiction. His behavior is *ultra vires*—rendering him a naked administrative actor stripped of absolute judicial immunity and fully liable for compensatory damages in his individual capacity [*In re J.W.*, 524 S.W.3d 252].

33. **Overriding the Financial Defendants' Ministerial Shields:** Co-Defendants Warren, Medrano, and Ames cannot claim they are passive, ministerial observers bound to follow court orders. The complaint establishes that the clerk's office systematically misinforms civil plaintiffs, utilizing an unapproved local form to compel waivers of mail service rights under **Tex. R. Civ. P. 502.4**. This deliberate misinformation and use of coercive local forms constitutes coordinated action under color of law to deprive citizens of their property and procedural choices. Furthermore, because these specific offices hold the electronic case tracking rows, the cash accounting ledgers, and the bank routing accounts, their presence as named defendants is absolutely necessary to allow a federal court to order a forensic audit and compel full financial restitution with interest back to the victim class.

## IX. FEDERAL PROCEDURAL CLASS ACTIONS ALLEGATIONS (FRCP 23)

34. Plaintiff brings this action on behalf of a class of similarly situated parties defined as:

*"All indigent, low-income, or civil litigants who, from 1991 through October 18, 2026, filed a valid civil action within Dallas County Court Precinct 1, Place 1, and were subjected to an unauthorized, self-initiated screening hearing, or were denied the option to execute citation service via certified/registered mail and forced via a localized waiver form to pay increased costs for a Dallas County Constable service absent statutory backing."*

35. **Numerosity:** The class includes thousands of low-income and civil filers victimized over a 35-year tenure, making individual joinder entirely impracticable.

36. **Commonality:** Common legal questions dominate this action, including: *Did Defendant's unwritten weekly screening protocol and compulsory constable service mandate violate Tex. R. Civ. P. 145, TRCP 502.4, and the Fourteenth Amendment?*

37. **Typicality:** The injuries sustained by Dr. Reagan—including arbitrary court delays, forced financial interrogation across specific Cause Numbers JPC-26-05126-11, JPC-26-05127-11, JPC-26-05208-11, and JPC-26-06656-11, and the denial of mail service options—are identical to the injuries suffered by every member of the class.

38. **Adequacy:** Dr. Reagan will fairly and vigorously protect the interests of the class and has no conflicting interests.

## X. COUNT I: DEPRIVATION OF FOURTEENTH AMENDMENT DUE PROCESS RIGHTS

### (42 U.S.C. § 1983 – Against All Defendants)

39. Plaintiff incorporates paragraphs 1 through 38 by reference.

40. The Due Process Clause protects a citizen's right to enter the court system without being blocked by mechanical, unauthorized financial walls or forced to sign unlawful local waivers that strip them of state-authorized procedural mechanisms [*Boddie v. Connecticut*, 401 U.S. 371].

41. Defendants, acting under color of law, bypassed the clear, non-discretionary text of Rule 145 and Rule 502.4 to execute unauthorized administrative screening and compulsory service checkpoints. This practice actively denies civil litigants their vested right to immediate court access and choice of service method without due course of law, violating the U.S. Constitution.

## XI. COUNT II: DEPRIVATION OF FOURTEENTH AMENDMENT EQUAL PROTECTION RIGHTS

### (42 U.S.C. § 1983 – Against All Defendants)

42. Plaintiff incorporates paragraphs 1 through 38 by reference.

43. The Equal Protection Clause bars state actors from subjecting citizens to arbitrary, disparate treatment based on wealth or economic standing when exercising a fundamental right of court access [*M.L.B. v. S.L.J.*, 519 U.S. 102].

44. Defendants' custom singles out low-income filers for mandatory oral interrogations and forces all civil filers into inflated fee channels for constable processing through a coercive waiver system. This discriminatory framework lacks any rational basis or compelling government interest.

## XII. COMPREHENSIVE PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Dr. Darren L. Reagan respectfully requests that this Court enter judgment in favor of the Class and grant the following relief:

a. **A Permanent Injunction** enjoining Defendant Jones and all Dallas County court officials from scheduling, conducting, or enforcing any self-initiated fee-waiver screening hearings, and permanently halting the use of unapproved local service waiver forms;
b. **A Mandatory Order** compelling the restoration of the U.S. Postal Service Certified/Registered Mail citation option to the active fee schedules of Precinct 1, Place 1 in absolute compliance with Tex. R. Civ. P. 502.4;
c. **A Mandatory Operational Order** compelling the Dallas County Commissioners Court to fund and retain an independent external law firm and a certified forensic accounting firm to audit all civil dockets and service fees in Precinct 1, Place 1 from 1991 to October 18, 2026;
d. **A Financial Judgment** ordering Defendants Dallas County, Clerk Warren, and Treasurer Medrano to identify all class victims and distribute **full financial restitution with maximum legal interest** for all court costs and inflated constable fees unlawfully collected; and
e. **Compensatory and Nominal Damages** against Defendant Jones in his individual capacity for systemic *ultra vires* civil rights deprivations.

Respectfully submitted this 19th day of October, 2026.

By: ______________________________

**Dr. Darren L. Reagan, Plaintiff Pro Se & Class Representative**
P.O. Box 763591, Dallas, Texas 75376
Contact Number: (214) 772-2626 | Email: darrenreagan1@gmail.com

## XIII. VERIFICATION UNDER PENALTY OF PERJURY

I, Dr. Darren L. Reagan, declare under penalty of perjury under the laws of the United States of America and the State of Texas that I am the Plaintiff and Class Representative in the above-styled civil rights action, that I have read the foregoing Petition, and that all factual statements, procedural allegations regarding forced constable service, specific hearing dates across cause numbers JPC-26-05126-11, JPC-26-05127-11, JPC-26-05208-11, and JPC-26-06656-11, and claims contained therein are true, accurate, and correct to the best of my personal knowledge.

Executed on this 19th day of October, 2026.

**Dr. Darren L. Reagan**